FILED

December 6, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:22 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| JAMES NEAL,<br>　　　　Employee,<br><br>v.<br><br>CONNECT EXPRESS,<br>　　　　Employer,<br><br>and<br><br>BERKSHIRE/NORGUARD,<br>　　　　Insurance Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No. 2016-06-1872<br><br>State File No. 65631-2016<br><br>Judge Joshua Davis Baker |

## EXPEDITED HEARING ORDER FOR TEMPORARY DISABILITY AND MEDICAL BENEFITS

This matter came before the Court on November 17, 2016, upon the "Request for Expedited Hearing" filed by the employee, James Neal, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. Neal suffered injury in a motor vehicle accident while driving a semi-truck for Connect Express. Connect Express denied his claim for an alleged violation of a safety rule. For the reasons set forth below, the Court holds Mr. Neal did not violate a safety rule and will likely succeed at a hearing on the merits in proving his entitlement to temporary total disability and medical benefits. [1]

## History of Claim

Mr. Neal began working as a semi-truck driver for Connect Express in early August 2016. On August 24, Mr. Neal suffered injuries when his semi-truck rolled over on the off-ramp of the interstate. The parties stipulated that the accident caused Mr. Neal's injuries and rendered him unable to work. Connect Express denied the claim, alleging that Mr. Neal's willful violation of a safety rule, specifically speeding, barred his

---

[1] A complete listing of exhibits and the technical record admitted at the Expedited Hearing is attached to this Order as an appendix.

recovery under workers' compensation.

After Connect Express denied the claim, Mr. Neal filed a Petition for Benefit Determination seeking temporary disability and medical benefits. (TR 1.) The parties failed to resolve their dispute in mediation, so the mediator issued a Dispute Certification Notice vesting jurisdiction in this Court. (TR 2.) Mr. Neal then filed a Request for Expedited Hearing, and the Court convened an evidentiary hearing. (TR 3.)

At the hearing, Mr. Neal testified he was delivering granite slabs for Connect Express to a business on Centennial Boulevard. While he did not pack or examine the truck's cargo, he knew the load was heavy because he had to pull out in first gear rather than third gear.

Connect Express owned the truck Mr. Neal drove. He testified the truck had a speed governor, which prevented it from traveling more than sixty-five miles per hour.

Mr. Neal's trip delivering the slabs was uneventful until he reached the Briley Parkway exit on I-40 west, just outside of downtown Nashville. Mr. Neal testified that, as he left the interstate and entered the exit ramp, he repeatedly applied the brakes "to get slowed down enough to make the first turn," but the heavy trailer began pushing his tractor. He said he accelerated "to pull the tractor back in front of the trailer" to prevent jack-knifing.

Mr. Neal testified that the speed limit was fifty-five miles per hour on the off ramp. He denied he was speeding when he exited the interstate but admitted he did not know how fast he was going. Mr. Neal stated he was simply trying to decelerate while maintaining control over the trailer. As Mr. Neal crested the hill and attempted to navigate a curve, the truck turned over in the middle of the exit ramp. Mr. Neal claimed he saw a tire blow out on the trailer just before the accident occurred. He did not receive a citation as a result of the accident.

Connect Express denied the claim because it believed Mr. Neal was speeding when it occurred; an action allegedly forbidden by Connect Express' safety rules. At the hearing, much of Mr. Neal's testimony concerned his knowledge of those safety rules.

Regarding notice of the rules, Mr. Neal testified that he was told generally to "follow the rules of the road" but denied he received any specific policy from this employer regarding speeding. He also testified that he was not aware of how Connect Express generally responded to a speeding citation but "would assume," based upon his knowledge of the policies of previous employers that a remedial course of action or termination might result.

David McMurtry, part-owner and safety administrator of Connect Express, also testified about Mr. Neal's awareness of safety rules. He testified he gave Mr. Neal a verbal warning for weaving and also warned him about a "litany" of prohibitive offenses, such as speeding. Mr. McMurtry gave this warning to Mr. Neal after a patrolman in Kentucky pulled him over for weaving. Mr. McMurtry further testified that Mr. Neal filled out and signed "all the many forms that we require" upon being hired, which apparently included a statement notifying Mr. Neal of his duty to follow the rules of the road. Connect Express, however, did not introduce those forms into evidence.

Regarding action taken against Mr. Neal for the accident and the weaving incident, Mr. McMurtry stated Mr. Neal did not receive a written warning for either event because he did not receive a citation for either incident.

## Findings of Fact and Conclusions of Law

The following general principles govern adjudication of this proceeding. Mr. Neal has the burden of proof on all essential elements of his workers' compensation claim. *Tindall v. Waring Park Ass'n*, 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). He need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN. Wrk. Comp. App. Bd. LEXIS 6, at *7-8,9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Mr. Neal has the burden to come forward with sufficient evidence from which this Court can determine that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2015).

Here, the parties stipulated that the motor vehicle accident caused Mr. Neal's injuries and that the accident occurred as part of his employment with Connect Express. Accordingly, Mr. Neal met his burden of producing evidence demonstrating he would likely succeed at a trial on the merits of his claim.

Connect Express, however, raised an affirmative defense alleging that Mr. Neal was speeding when the accident occurred, and that his speeding constituted willful misconduct under Tennessee Code Annotated § 50-6-110(a)(1). For that reason, Connect Express asserted that Mr. Neal is barred from recovering workers' compensation benefits. Connect Express has the burden to prove this affirmative defense. *See Id*. at § 50-6-110(b).

## I.  Connect Express's untimely-filed affidavits are inadmissible.

Connect Express sought to introduce into evidence the affidavits of Nathan Dungan and James Norris to establish that speeding caused the crash. Mr. Neal objected

to the admissibility of the affidavits, as Connect Express filed the affidavits more than five business days after Mr. Neal filed his Request for Expedited Hearing with the Court Clerk on October 26, 2016. The Court finds the affidavits are inadmissible, as both affidavits were submitted outside the timeframe called for within the Court of Workers' Compensation Claims' Practices and Procedures, Rule 7.02(A), which instructs that "immediately upon receiving the request for expedited hearing, but no later than five business days after the motion is filed with the Court Clerk, the opposing party shall file a response and attach affidavits, declarations, or other evidence demonstrating that the moving party is not entitled to the benefits or relief sought." *See also* Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(b) (2015).

## II.     There is no proof that Mr. Neal was speeding.

Connect Express argued Mr. Neal's willful violation of a safety rule, speeding, bars him from recovering workers' compensation benefits. The Court holds that Connect Express' affirmative defense fails because Connect Express did not prove that Mr. Neal was speeding at the time of the accident. Furthermore, even if he were speeding, his actions were not willful.

In *Mitchell v. Fayetteville Public Utilities,* the Court considered whether an employee's removal of his safety gloves while working on a power line was willful misconduct that barred recovery under workers' compensation. The Court adopted a four-step test for evaluating claims of willful misconduct: 1) the employee's actual, as opposed to constructive, notice of the rule; 2) the employee's understanding of the danger involved in violating the rule; 3) the employer's bona fide enforcement of the rule; and 4) the employee's lack of a valid excuse for violating the rule. *Mitchell v. Fayetteville Public Utilities,* 386 S.W.3d 442, 453 (Tenn. 2012). In denying the employee recovery, the Court wrote, "[Employee's] admission that he knew the safety policy required protective gloves . . . and his acknowledgment that he elected to take them off anyway clearly established that his act was willful—and not merely negligent or reckless." *Id*. at 455. Thus, the four-step test embraces an examination of whether an employee's actions were willful as opposed to negligent, inadvertent, or reckless.

Here, however, the Court need not analyze the facts under the *Mitchell* test to determine if Mr. Neal's conduct constituted willful violation of a safety rule because Connect Express failed to prove Mr. Neal violated the rule. Mr. Neal either denied he was speeding or simply could not remember. The only evidence proffered by Connect Express which suggested Mr. Neal was speeding at the time of accident came from the affidavits of Mr. Dungan and Mr. Norris, which the Court declined to admit into evidence.[2]

---

[2] Assuming for the sake of argument that Mr. Neal was speeding at the time of the accident, this Court's decision would likely remain the same. Since speeding often stems from inattention or recklessness, the Supreme Court has recognized that it "is difficult to imagine an instance when it would rise to the level of willfulness." *Durant v. Saturn*

Just before the accident, Mr. Neal, in a heavily-loaded vehicle, was exiting the interstate—where the speed limit is higher and maintaining the speed of surrounding traffic is paramount—onto an exit ramp. After exiting onto the ramp, Mr. Neal testified he repeatedly applied the brakes in an attempt to slow the truck and maintain control. The Court finds that Mr. Neal's actions were an inevitable part of transitioning from one posted speed limit to another.

Furthermore, Connect Express failed to establish, to the satisfaction of this Court, that Mr. Neal received notice of a safety rule concerning speeding or that the company enforced such a rule. Connect Express did not introduce any documentary evidence, such as an employee handbook or training materials, indicating that the rule is conveyed to its employees. It did not introduce any evidence to indicate how or whether it enforced the rule or to suggest any disciplinary action had been taken against Mr. Neal, or any other driver, for having violated the "rules of the road."

### III. Connect Express must provide Mr. Neal temporary disability and medical benefits.

Mr. Neal seeks medical care and disability benefits for his work-related injury. The parties stipulated that Mr. Neal suffered injuries in the accident and that he has been unable to work since the accident because of his injuries. Having carried his burden of proving he would likely succeed at a hearing on the merits on the issue of compensability of his injury, Connect Express must provide him reasonable and necessary medical care for its treatment. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015). Upon being provided notice of a workplace injury, the Workers' Compensation Law requires an employer to "designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups if available in the injured employee's community or, if not so available, in accordance with subdivision (a)(3)(B), from which the injured employee shall select one (1) to be the treating physician." *Id*. at § 50-6-204(a)(3)(A)(i). Connect Express shall provide Mr. Neal a panel of physicians.

Additionally, Mr. Neal is entitled to temporary disability benefits. In *Jones v. Crencor Leasing and Sales,* No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015), the Appeals Board held:

---

*Corp.*, No. M2003-00556-WC-R3-CV, 2004 Tenn. LEXIS 353, at *22, 23 (Tenn. Workers' Comp. App. Panel Apr. 30, 2004). Additionally, the Supreme Court noted in *Durant* that, "negligence, thoughtlessness, inadvertence, recklessness, or even gross negligence are insufficient to establish willfulness." *Id* at *22, 23. Similarly, this Court cannot think of any circumstances where an employee driving at a maximum speed of sixty-five miles per hour—which Mr. Neal could not have exceeded because of the speed governor on the truck—in normal traffic on an interstate would constitute willful misconduct.

5

An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Simpson v. Satterfield,* 564 S.W.2d 953, 955 (Tenn. 1978).

The parties stipulated that Mr. Neal has been unable to work since the accident on August 24, 2016, because of the injuries. Mr. Neal testified he earned $800 per week, which results in a compensation rate of $533.36.

**IT IS THEREFORE, ORDERED** as follows:

1. Connect Express shall provide Mr. Neal with a panel of physicians and provide ongoing medical care with the physician he chooses from the panel.

2. Connect Express shall pay any past medical expenses related to treatment of Mr. Neal's work injury.

3. Connect Express shall pay temporary disability benefits from August 24, 2016, through December 6, 2016, in the amount of $7,924.18, and continue paying temporary disability benefits, at the rate of $533.36 per week, for so long as Mr. Neal is eligible for those benefits.

4. Unless interlocutory appeal of the Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.

**ENTERED ON THIS THE 6TH DAY OF DECEMBER, 2016.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

<u>Right to Appeal:</u>

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk within seven business days of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.000. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

7

any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:

1. Affidavit of James Neal
2. First Report of Injury
3. Affidavit of Nathan Dungan (for ID purposes only)
4. Affidavit of James Morris (for ID purposes only)

Technical record:[3]

1. Petition for Benefit Determination, filed September 30, 2016
2. Dispute Certification Notice, filed October 14, 2016
3. Request for Expedited Hearing, filed October 26, 2016
4. Connect Express' Witness and Exhibit List
5. James Neal's Prehearing Statement
6. Connect Express' Prehearing Brief

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the  6th  day of December, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Michael Fisher | | | | | x | mfisher@ddzlaw.com |
| Allen Callison | | | | | x | acallison@chartwelllaw.com |

_____

**Penny Patterson-Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**